## Commonwealth *versus* The North American Land Company.

## In the Matter of the Estate of Barrell & Cervanti.

## In the Matter of the Estate of J. Cazenove, Nephew & Co.

## In the Matter of the Estate of Bird, Savage & Co.

1. The Act of June 27th 1864 (Escheats), does not prevent the heirs or kindred of any partner, &c., from claiming the interest of such person in the joint estate on a traverse of the inquisition.

2. The act is remedial, and is to be so expounded as to advance the remedy.

3. If all of a partnership die intestate, leaving no heirs or known kindred, the joint property will escheat.

January 17th 1868. Before THOMPSON, C. J., READ, AGNEW and SHARSWOOD, JJ. STRONG, J., at Nisi Prius.

In error to the Court of Common Pleas of *Philadelphia:* No. 342, 343 and 344, to January Term 1867.

On the 31st of October 1864, Franklin E. Felton filed with the auditor-general of Pennsylvania an information that Colburn Barrell and Henry Cervanti, composing the firm of Barrell & Cervanti, had died intestate, without any heirs or known kindred, and that their estates are subject to escheat to the Commonwealth, &c.. The auditor-general thereupon appointed John A. Marshall deputy escheator in relation to this escheated estate.

An inquest was accordingly summoned, who on the 25th of November 1864 found, that Colburn Barrell and Henry Cervanti died about 1795 intestate, without heirs or known kindred, possessed, at the time of their death, of 116 shares of stock in the North American Land Company, on which dividends have been awarded amounting to $1239.96, which, together with the stock, escheated to the Commonwealth, and that the above-mentioned sum was in the hands of James Dundas, trustee of the North American Land Company. This inquisition was certified into the office of the prothonotary of the Court of Common Pleas by the deputy escheator, on the 29th of April 1865.

On the 5th of May 1865, an attachment on the award of the inquest was issued against James Dundas, garnishee.

Similar proceedings were had in relation to the estate of J. H.

[Commonwealth *v.* North American Land Co.]

Cazenove, Nephew & Co., in which the sum in the hands of the trustee was found to be $4275.04, and to the estate of Bird, Savage & Bird, in which the sum in the hands of the trustee was found to be $3847.53.

Mr. Dundas having died after the issuing of the attachments, the money in his hands as trustee was, by order of the Court of Common Pleas, paid to The Pennsylvania Company for Insurance on Lives, &c.

On the 27th of May 1865, rules were granted on behalf of the garnishee to set aside the attachments, which rules were made absolute December 3d 1865, and the attachments set aside.

The judge, delivering the opinion on this rule, said :—

* * * " Three years ago we decided that it was impossible, under the then existing laws, to proceed to escheat the property of a partnership, as such, and we then arrested the proceedings instituted by refusing to attach the party defendant then before the court. To meet the decision then made, an Act of Assembly was passed upon the 27th day of June 1864, and under this act it is argued the duty of the court is now made plain.

" The law of 1864 reads thus : ' In all cases where real or personal estate has been held by tenants in common, co-tenants, joint tenants or *in partnerships,* and who have died intestate, *without heirs or any known kindred,* such estate shall escheat to the Commonwealth, subject to all legal demands on the same.'

" This law, like all others heretofore passed upon the subject, expressly declares that the jury shall find that the decedent or decedents died without *heirs* or *any known kindred.* We can understand how a tenant in common or joint-tenant can thus die, but to say that in any event a partnership can be dissolved by the death of its members, and that the partnership as such can die without heirs or known kindred, is to declare that which is legally absurd. This law, if it is to be executed by the courts, must be so executed in accordance with its terms, and we must give effect to each and every part thereof, and if we are bound to decide that the property of a partnership may escheat, we are also equally obliged to see to it that the jury have made an award which is sensible, and when we declare that in point of law a partnership can have no heirs or known kindred, we simply say that the act which requires such an award to be made is inconsistent in its various paragraphs with itself, and that a verdict which asserts a legal impossibility, is a verdict which we must treat as a nullity." * * *

The Commonwealth took a writ of error, and assigned for error the setting aside the attachments.

*S. G. Thompson* and *J. A. Marshall,* for plaintiff in error, cited Act of June 27th 1864, Pamph. L. 951; Commonwealth

*v.* Erie & N. E. Railroad, 3 Casey 339; Troubat on Limited Partnership 438.

*W. M. Tilghman* and *E. S. Lawrance* (with whom was *W. F. Judson*), for defendants in error.—Act of March 6th 1847, § 2, Purd. 106, pl. 122, Pamph. L. 222; Bonham's Case, 8 Rep. 118 a; City of London *v.* Wood, 12 Mod. 687; Act of June 1864, *supra;* Moss and Halsey's Appeal, 7 Wright 23; Acts of April 2d 1821, § 3, 7 Sm. L. 458, 29th Sept. 1787, § 9, 1 Sm. L. 429, Purd. 418, pl. 25, 19; Ramsey's Appeal, 2 Watts 231; Crawford *v.* Com'th., 1 Id. 486; Ingersoll *v.* Sergeant, 1 Wh. 349; Desilver's Estate, 5 Rawle 111, and the acts relating to escheat generally, Purd. 415, *et seq.*

The opinion of the court was delivered, January 23d 1868, by

THOMPSON, C. J.—It was the object of the Act of 27th June 1864, to subject property held by tenants in common, joint tenants and partnerships, to escheat in its undivided form, where such owners and partners had died intestate without heirs or any known kindred. As the law stood prior to the act, this could not be done. The prior acts had relation only to escheats of property of an individual or person, in any one inquest. In such case no difficulty could occur as to the interest escheated. It would necessarily be entire in whatever form held. But there arose to the mind of the legislature the class of cases referred to, wherein the individual interests of the persons associated could not always be discovered, and to meet this difficulty, the act of 1864 was passed. It simply provides for cases where all the tenants in common, joint tenants and partners are dead, intestate and without heirs or known kindred, and that the property held in this associated form should escheat to the Commonwealth in that form. This mode of escheat would not preclude the heirs or kindred of any tenant in common, joint tenant or partner, from claiming the interest of such person on a traverse. The funds in the hands of the Commonwealth could be very easily distributed according to the interest of such tenant or partner. There would be no difficulty on that score.

The difficulty seems to be supposed to lie in the terms of the statute rather than in its obvious import. It is argued that partnerships can neither make a will, leave heirs, or have known kindred, and that it is absurd to say they can die. We think this view rather hypercritical. Everybody knows that partnerships describe associations of persons, for business purposes. It is not the business that gives the name. It is the association. Therefore property held in partnership, is held by the persons composing the firm, in an aggregate form. Each has a certain share in it after payment of debts, which he may dispose of by will, and which

Commonwealth v. North American Land Co.]

will descend to heirs if he make no will. If each and all of the partners die intestate, and leave no heirs or known kindred to represent them, why shall not the joint property escheat? It was the property of the partners who composed the partnership. This is so, unless we could find a case of a partnership without partners. It seems to be conceded that tenants in common and joint tenants are terms clearly indicating persons. But a tenant in common or joint tenant, is no more expressive of a person than partner. The legislature intended that the act should be equally applicable to each of the defined classes, and in that light it must be construed. It is a remedial statute, and is to be so expounded as to advance the remedy. We see no reason, therefore, for discarding any portion of the statute, which might not equally apply to any other portion. Its words are clear; that property held in partnership, may, for want of heirs or known kindred escheat, evidently meaning property of partners held in partnership.

We are, therefore, of opinion that in all these cases, the remedy of the statute was properly pursued, and that the inquest having found that all the partners had died intestate, and without heirs or known kindred, the property of the firm passed in escheat to the Commonwealth. We have considered and weighed all the arguments *pro* and *con* in these cases, and are of opinion that the Court of Common Pleas erred in setting aside the attachments issued against the trust company; and that the said orders must be set aside in all of the cases, and the Commonwealth be at liberty to proceed with the same or issue new attachments, as the case may require.

> The order of the Common Pleas in each of these cases, in setting aside the attachments respectively, is reversed, and a procedendo awarded. The cost of this writ of error to be paid by the defendants in error.